**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LYNNE A. RHODES,<br><br>       Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC, OPTION ONE MORTGAGE CORP., SAND CANYON CORPORATION FKA OPTION ONE MORTGAGE CORPORATION, AND U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION[1]<br><br>       Defendants. | CIVIL ACTION NO.: 13-cv-12693 |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendants, Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2006-BC6, incorrectly named here as U.S. Bank National Association as Trustee for Structured Asset Securities Corporation ("the Trustee") (collectively "the Defendants"), hereby remove the above-captioned action to this Court based upon the following supporting grounds:

1.    On or about September 23, 2013, the above action was filed in the Trial Court of the Commonwealth of Massachusetts, Superior Court Department, Worcester County. The

---

[1] Plaintiff has improperly identified the Trustee. The Trustee's proper name is "U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2006-BC6.

caption of the Complaint is as follows: *Lynne A. Rhodes v. Ocwen Loan Servicing, LLC et al.*, Civil Action No.: WOCV2013-01698-C.

2. A copy of the Plaintiff's Complaint and all other process and pleadings served on Ocwen are attached as Exhibit A.

3. The Defendants were served with the Complaint on or about September 24, 2013.

4. Removal is timely under 28 U.S.C. § 1446(b), as fewer than 30 days have elapsed since the Defendants were served with process. *See, e.g.*, *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend").

5. Plaintiff is a Massachusetts resident, who resides at 234 Daniels Street, Fitchburg, Massachusetts 01420. ("the Property"). (Ex. A, ¶ 3).

6. Ocwen is a limited liability company organized under the laws of the State of Delaware, and has a principal place of business in Florida. The citizenship of a limited liability company is determined by the citizenship of all its members. *See, e.g.*, *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006) ("every circuit to consider this issue has held that the citizenship of a limited liability company is determined by the citizenship of all its members.").

7. Ocwen's sole member is Ocwen Financial Corporation, which is incorporated in the State of Florida and has a principal place of business in the State of Georgia. Accordingly, Ocwen is a citizen of the states of Florida and Georgia for purposes of determining diversity jurisdiction. *See, e.g.*, *Pickens v. U.S. Bank Nat. Ass'n*, 2013 WL 866171 at *5 (N.D. Tex. Jan. 8,

2013) ("Defendant Ocwen, a limited liability company, has citizenship of its members in Florida and Georgia.").

8. When a suit is filed by or against the trustee, so long as the trustee is a "real party to the controversy," the citizenship of the trustee, and not that of the beneficiaries, is at issue. *See, e.g.*, *Ibanez v. U.S. Bank Nat'l Association*, 2011 WL 5928583 at *2 (D. Mass. Nov. 29, 2011).

9. The Trustee, U.S. Bank, N.A., is a national banking association.

10. A national bank is a citizen only of the state in which "its main office, as set forth in its articles of association, is located." *Peterson v. U.S. Bank Nat'l Association*, 918 F. Supp. 2d 89, 99 (D. Mass. 2013), *citing Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006).

11. The Trustee is organized and exists under the laws of the United States of America with its main office as designated in its Articles of Association in Cincinnati, Ohio. *See, e.g.*, *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 932 (S.D. Ill 2006) (for purposes of determining diversity, "U.S. Bank is an Ohio citizen").

12. Sand Canyon Corporation f/k/a Option One Mortgage Corporation is a corporation organized under the laws of California with its principal place of business in Irvine, California.

13. Accordingly, there is complete diversity among the parties.

14. Sand Canyon, through counsel, consents to the removal of this action. (See Exhibit B).

15. Plaintiff is seeking approximately $264,575 in damages (Ex. A, *generally*). Thus, the amount in controversy is in excess of $75,000 exclusive of interest and costs.

16. Accordingly, this Court has jurisdiction over this civil action based upon diversity of citizenship, and the amount in controversy under 28 U.S.C. §§ 1332, 1441, and 1446.

17. Alternatively, removal of this action to this Court is also permissible pursuant to Federal question jurisdiction under the provisions of 28 U.S.C. § 1441(a) in that it is a civil action founded on a claim or right arising under the laws of the United States, to wit, the Fair Debt Collection Practices Act ("FDCPA"). (Ex. A, ¶¶ 1).  The FDCPA expressly provides that "an action to enforce any liability created by this title may be brought in any appropriate United States District Court without regarding the amount in controversy." *See* 15 U.S.C. § 1692k(d).

18. Furthermore, Plaintiff's state law claims for violation of the Massachusetts Debt Collection Regulations are so related to the claim under FDCPA that they form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367.

19. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to the Plaintiff, and will be filed with the Clerk of Courts for Worcester Superior Court following the filing of this notice.

WHEREFORE, the Defendants, Ocwen Loan Servicing, LLC, and U.S. Bank National Association as Trustee for Structured Asset Securities Corporation, hereby remove this action from the Trial Court of the Commonwealth of Massachusetts, Superior Court Department, Worcester County, to the United States District Court for The District of Massachusetts

Respectfully submitted,
OCWEN LOAN SERVICING, LLC, U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION

By Their Attorneys,

*/s/ Andrew M. Schneiderman*
Justin M. Fabella, BBO #654859
jfabella@hinshawlaw.com
Andrew M. Schneiderman, BBO #666252
aschneiderman@hinshawlaw.com
Hinshaw & Culbertson LLP
28 State Street, 24th Floor
Boston, MA 02109-1775

Date:   October 24, 2013         617-213-7000

**CERTIFICATE OF SERVICE**

I, Andrew M. Schneiderman, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman