United States District Court
District of Massachusetts

|   |   |   |
|---|---|---|
| LYNN A. RHODES, | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION** |
| | ) | No. 13-12693-TSH |
| OCWEN LOAN SERVICING, LLC | ) | |
| OPTION ONE MORTGAGE CORP., | ) | |
| SAND CANYON CORPORATION, and | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
|     Defendants. | ) | |
| | ) | |

### ORDER AND MEMORANDUM OF DECISION
### September 11, 2014

**HILLMAN, D.J.**

### Background

Plaintiff, Lynn A. Rhodes ("Rhodes"), filed suit against Ocwen Loan Servicing LLC ("Ocwen"), Option One Mortgage Corp. ("Option One"), Sand Canyon Corporation ("Sand Canyon") and US Bank National Association, as Trustee For Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2006-BC6 ("U.S. Bank")[1] in Worcester Superior Court alleging claims for unfair and deceptive business practices under the Massachusetts Consumer Protection Act, Mass.Gen.L. ch. 93A ("Chapter 93A") and violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.* Rhodes also

---

[1] In her complaint, Rhodes mistakenly refers to this Defendant as "U.S. Bank National Association, as Trustee For Structural Asset Securities Corporation." Rhodes has filed a the Motion To Correct Error In Name Of Defendants (Docket No. 25), which is unopposed. That motion is *allowed*.

alleges that U.S. Bank violated the court order issued in *Comonwealth v. H&R Block, Inc.*, 2008 LEXIS 427 (Mass. Super Ct. Nov. 24, 2008)("*H&R Block*"), which, she alleges, prohibited it from foreclosing on her property, and that it violated several licensing regulations by instituting foreclosure proceedings without having been previously licensed by the Nationwide Mortgage Licensing System ("NMLS") or the Commonwealth of Massachusetts. Rhodes seeks injunctive relief and monetary damages.[2]

This Order and Memorandum of Decision addresses Defendants' Motion To Dismiss Plaintiff's Complaint (Docket No. 15); the Motion To Correct Error In Name Of Defendants (Docket No. 25) filed by Rhodes; and (3) the Motion To Amend Complaint (Docket No. 27) filed by Rhodes. I have allowed the Motion To Correct Error In Name Of Defendants (Docket No. 25). *See* note 1, *supra.* For the following reasons, Defendants' motion to dismiss the Complaint, is *granted* and Plaintiff's motion to amend her complaint is *denied*.

## Discussion

### The Motion To Dismiss

#### Standard Of Review

On a Rule 12(b)(6) motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."

---

[2] Sand Canyon and Option One have been dismissed from this action. *See Mot. For Entry Of Dismissal As To Option One Defts.* (Docket No. 43) and electronic docket entry, Docket No. 44.

*Id.* at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm.*, LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernàndez v. Fortuño-Burset,* 640 F.3d 1, 13 (1st Cir. 2011).

*The Motion to Dismiss, Which is Unopposed, is Granted*

Defendants have filed a motion to dismiss Rhodes's complaint for failure to state a claim. More specifically, they assert that Rhodes has failed to allege several material elements of her FDCPA claim and therefore, has failed to establish she is entitled to releif. As to her Chapter 93A claim, they assert it should be dismissed because she has failed to serve them with the statutorily required demand letter prior to bringing this action. Defendants assert that Rhodes's claim that U.S. Bank violated the *H&R Block* order must be dismissed because she has failed to allege sufficient facts that would establish that her mortgage/loan came within the court's order and/or that U.S. Bank failed to comply with the procedural requirements set forth in that order prior to instituting a foreclosure action against her property. Finally, Defendants assert that there is no registration or licensing requirement for U.S. Bank to commence foreclosure proceedings in Massachusetts and therefore, her claim for failure to register or have the appropriate license must fail. Plaintiff has not filed an opposition to the motion to dismiss and did not provide any

substantive argument against the motion at the hearing. Therefore, Defendants' motion to dismiss is allowed.[3]

### The Motion To Amend the Complaint

#### Standard Of Review

Under this Court's rules of procedure, more specifically, Fed.R.Civ.P. 15(a), consent to file an amended pleading is to be "freely given when justice so requires. *Id.* "This liberal amendment policy applies unless the plaintiff exhibited bad faith, undue delay, the amendment would work undue prejudice on the opposing party, or be futile." *Weinberg v. Grand Circle Travel, LCC,* 891 F. Supp. 2d 228, 236 (D.Mass. 2012). Rhodes has not unduly delayed her motion to amend (it was filed approximately one month after Defendants filed their motion to dismiss[4]), and there are no allegations of bad faith or undue prejudice. Thus, the only issue before the Court is whether allowance of the motion to amend the complaint would be futile.

As noted, Plaintiff did not file a written opposition to the motion to dismiss. She also provided no written legal argument in support of her motion to amend the complaint. In fact, the sum total of her reasons for allowing the motion to amend asserted in her written submissions are stated in one sentence: "AS GROUNDS THEREFORE, Ms. Rhodes states that since filing the initial complaint, new facts about Defendants' conduct have emerged, and Ms. Rhodes states that justice requires this Court allow the Motion To Amend." *Motion To Amend Complaint* In

---

[3] Plaintiff has a filed a motion to amend her complaint, which Defendants oppose. Since many of the same arguments relevant to the motion to dismiss are relevant to whether her motion to amend should be allowed, Counsel presumably made a conscious decision to focus her arguments on the motion to amend her complaint. This can be the only explanation for her failure to address the motion to dismiss in her written submissions. As noted, because she has failed to oppose the motion to dismiss, it is allowed. I will further note that the only issue relevant to the motion to dismiss even remotely addressed by the Plaintiff at the hearing (in response to a direct question from the Court) is that her Chapter 93A claim is brought pursuant to Section 11 of Chapter 93A rather than Section 9 and therefore, a demand letter is not required. Since this issue is also raised in connection with Plaintiff's motion to amend her complaint, I will address it in the context of that motion.

[4] Indeed, the Federal Rules Of Civil Procedure provide that a plaintiff may amend her complaint once as of right, within twenty-one days of the filing of a motion to dismiss. *See Fed.R.Civ.P.* 15(a)(1). Had Rhodes filed her motion to amend her complaint a few days earlier, leave of Court would not have been required.

her reply brief to Defendants' opposition to her motion to amend, Plaintiff addresses *some* but not all of the arguments concerning Defendants' contention that allowing her to amend her Complaint would be futile. *See Pl., Lynne A. Rhodes Reply to Defs' Opp. To Mot. To Amend Complaint* (Docket No. 37). With this background in mind, I will address the viability of each of the claims which Plaintiff asserts in her proposed amended complaint.

<u>*Whether Plaintiff's Amended Complaint States a Claim for Violation of the FDPCA*</u>

In their motion to dismiss, Defendants alleged that Rhodes's FDPCA claim fails because she did not allege all of the essential elements of such a claim, that is, she failed to allege that either Defendant is a "debt collector," that she is a "consumer," or that any Defendant sought collection of a "debt" within the meaning of the statute. Defendants assert that her efforts to amend her claim fare no better because she still fails to assert that either Defendant is a "debt collector," or that they impermissibly sought collection of a "debt." Rhodes submissions do not address the alleged shortcomings in her FDPCA claim and for this reason alone, her motion to amend is denied. Nevertheless, I will address whether her proposed amended complaint states a claim for violation of the FDCPA.

"A viable claim for violation of the FDCPA requires that a plaintiff establish three elements: '(1) that she was the object of collection activity arising from consumer debt, (2) defendants are debt collectors as defined by the FDCPA, and (3) defendants engaged in an act or omission prohibited by the FDCPA.' Under the FDCPA, a debt is defined as 'any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.' The First Circuit has held that, although 'the FDCPA's definition of debt is broad,' it

5

'requires at least the existence or alleged existence of an obligation to pay money' and 'does not broadly forbid practices in connection with all payments of money.'" *O'Connor v. Nantucket Bank*, 992 F.Supp.2d 24, 30-31 (D.Mass. 2014)(internal citations and citations to quoted authorities omitted). Additionally, "'[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt,' including '[t]he false representation of ... the character, amount, or legal status of any debt'. Further, '[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.'" *Id.,* at 31 (internal citations and citations to quoted authority omitted). However, "[t]he restrictions of the FDCPA only apply to those defendants who meet the definition of 'debt collector.' Under the statute, a debt collector is 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'". *Id.* "Where a Defendant is established as a debt collector and is alleged to have engaged in an act or omission prohibited by the FDCPA, all that remains is for the plaintiff to show 'she was the object of collection activity arising from consumer debt.'" *Id.*

 I agree with the Defendants that Plaintiff's proposed amended claim for violation of the FDPCA fails to allege all of the essential elements of such a claim. More specifically, she fails to allege facts which would establish that the Defendants are "debt collectors" or that she was the object of collection activity arising from consumer debt. Under the circumstances, I find that her proposed amended complaint fails to assert a viable claim under the FDCPA.

## Whether Plaintiff's Amended Complaint States a Claim for Violation of Chapter 93A

Defendants assert that Rhodes's proposed amended complaint fails to state a claim under Chapter 93A because: (1) she failed to send the Defendants a demand letter (and failed to allege that she did so); (2) her Chapter 93A claims are substantively deficient as they are derivative of her flawed FDPCA claim; and (3) U.S. Bank is not engaged in trade or commerce for purposes of establishing liability under Chapter 93A. Rhodes does not address Defendants' arguments, rather she simply sets forth the general law regarding liability under Chapter 93A for holding a defendant liable for engaging in unfair methods of competition or deceptive acts or practices. At the hearing, she indicated that a demand letter was not necessary because she is suing under Section 11 of Chapter 93A, not Section 9.

To prevail on a Chapter 93A claim, a plaintiff must show that a defendant engaged in "[u]nfair methods of competition and unfair or deceptive acts or practices" during the course of a business transaction. Mass. Gen. Laws ch. 93A, § 2(a). "A plaintiff under § 9 is, '[a]ny person, other than a person entitled to bring action under section eleven of this chapter....' A plaintiff under § 11 is, '[a]ny person who engages in the conduct of any trade or commerce....'" *Kerlinsky v. Fid. & Deposit Co. of Maryland*, 690 F. Supp. 1112, 1117 (D. Mass. 1987) *aff'd*, 843 F.2d 1383 (1st Cir. 1988). Actions filed under Section 9 have a jurisdictional prerequisite: "'At least thirty days prior to the filing of any such [unfair practices] action, a written demand letter for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent.' *Id.* § 9(3)." *Smith v. Jenkins*, 777 F.Supp.2d 264, 267 (D.Mass. 2011). "The purpose of the demand requirement is twofold: to encourage settlement and to limit the plaintiff's damages in the event that a reasonable settlement offer is rejected." *Burns ex rel Office of Pub.*

*Guardian v. Hale & Dorr LLP*, 445 F.Supp.2d 94, 96 (D. Mass. 2006). "Massachusetts courts have strictly adhered to Chapter 93A's demand requirement." *Id.*, at 97. "Additionally, 'as a special element' of a Chapter 93A cause of action, the plaintiff's complaint must allege that the plaintiff sent [the] demand letter to the defendant." *O'Connor*, 992 F. Supp. 2d at 38. The mailing of a demand letter is irrelevant in a Section 11 action. *Kerlinsky*, 690 F.Supp. at 1117.

Initially, the Court must determine if Rhodes's Chapter 93A claim is asserted under Section 9 or Section 11. "The dividing line between a consumer claim and a business claim for purposes of [Mass.Gen.L. ch.] 93A, §§ 9 and 11, is not always clear. A number of cases have attempted to define it. Ultimately, the choice appears to turn on whether a given party has undertaken the transaction in question for business reasons, or has engaged in it for purely personal reasons (such as the purchase of an item for personal use). While the character of the transaction will not always be easy to identify, the distinction is consistent with the language of the respective statutory sections. Whereas a defendant must be engaged in trade or commerce, i.e., acting in a business context, to be liable under either § 9 or § 11, a plaintiff who acts in a business context has a cause of action exclusively under § 11. Thus, any transaction in which the plaintiff is motivated by business considerations gives rise to claims only under the statute's business section. That a transaction may be an isolated one not in the normal course of business does not insulate it from the reach of … § 11." *Frullo v. Landenberger,* 61 Mass. App. Ct. 814, 821, 814 N.E.2d 1105, 1112 (2004). Rhodes's problem is she does not allege that she was engaged in a trade or commerce, or that she was engaged in a transaction for business purposes. On the contrary, the factual assertions make clear that she is attempting to forestall the Defendants from foreclosing on her personal residence and to recover money damages for actions taken against her as owner thereof. Therefore, I find that if she has a claim, it would be

pursuant to Section 9 of Chapter 93A. Consequently, sending a demand letter to the Defendants is a pre-requisite to her filing a Chapter 93A claim against them.

In support of their motion to dismiss Rhodes's Chapter 93A claim asserted in her original complaint, Defendants argued that she had failed to serve them with the requisite demand letter. Despite being on notice of this alleged deficiency, Plaintiff apparently made no attempt to send the Defendants the requisite demand letter prior to seeking to amend her complaint[5] and her failure to allege in her proposed amended complaint that she did so dooms her claim. Accordingly, Rhodes has failed to assert a viable Chapter 93A claim.

*Defendants' Violation Of The Injunction Imposed By H&R Block*

Rhodes asserts that the Defendants have violated their obligations under an injunction entered by the Massachusetts Superior Court in *H&R Block*. She also claims that U.S. Bank is not registered or licensed with NMLS and therefore lacks standing (presumably, to pursue a foreclosure action). The gravamen of this claim is not entirely clear to the Court. Rhodes seeks injunctive relief and damages for what she titles Defendants "unfair and deceptive business practices," which suggests that this claim is also part of her Chapter 93A claim. To the extent that she is suing under Chapter 93A for Defendants' alleged breach of their obligations under H&R Block, or U.S. Bank's failure to be properly licensed and/or registered she has not stated a viable claim because she failed to plead she sent the requisite demand letter. Assuming this claim is distinct from Rhodes's Chapter 93A claim, I find that it is not viable for the reasons set forth below.

On November 24, 2008, in *H&R Block*, the Massachusetts Superior Court issued an injunction ("Injunction") with respect to home loans which were originated by Option One and

---

[5] Some courts have recognized that the thirty day requirement is met where although not sent before commencing suit, the demand letter is sent more than thirty days prior to amending the complaint. *See e.g., Akar v. Federal Nat. Mortg. Ass'n*, 845 F.Supp.2d 381 (D.Mass. 2012).

9

were secured by a mortgage in favor of Option One ("Option One Mortgage"). The *H&R Block* Injunction established procedures to be followed when any entity, as assignee of an Option One Mortgage, sought to foreclose on an Option One Mortgage. The Injunction covered only certain types of mortgages referred to as "Reviewable Mortgage Loans." A "Reviewable Mortgage Loan" was one defined as having been issued by Option One or H&R Mortgage, and meeting the following characteristics:

> (1) The loan is an adjustable rate mortgage with an introductory period of three years or less;
>
> (2) The borrower has a debt-to-income ratio that would have exceeded 50 percent if the lender's underwriters had measured the debt, not by the debt due under the introductory rate, but by the debt due under the fully indexed rate, *except when* the borrower had a student loan in which payment had been deferred at least six months from the date of submission of the mortgage loan application, in which case the debt-to-income ratio need exceed only 45 percent;
>
> (2) The loan has an introductory or "teaser" rate for the initial period that is at least 2 percent lower than the fully indexed rate, unless the debt-to-income ratio is 55 percent or above; and
>
> (4) The loan-to-value ratio is 97% *or* the loan carries a substantial prepayment penalty or a prepayment penalty that extends beyond the introductory period.

*See H&R Block*, 2008 LEXIS 427, at *93. If a loan is a "Reviewable Mortgage Loan," the Injunction imposes a series of obligations and procedures with which Option One, its successors and assigns must comply when commencing foreclosure proceedings. For example, after the borrower has been provided with a statutory notice of default, Option One its successors or assigns must provide the Attorney General of Massachusetts ("AG") 45 days advance written notice of any proposed foreclosure proceedings, copies of the loan documentation and other specified information in order that the AG may given written notice objecting to the foreclosure.

*Id.,* at *94. If the AG does not give written objection within 45 days, the foreclosure may proceed; if the AG timely objects and does not withdraw the objection, the foreclosure may proceed only with approval of the court. *Id.*

In her proposed amended complaint, Rhodes asserts that hers is a Reviewable Mortgage Loan. However, her legal and factual allegations in support of this claim are confusing and/or conclusory. Moreover, her allegations are insufficient, as a matter of law, to support her claim that her mortgage loan meets all of the criteria set forth by the court in *H&R Block*.[6] Even if I were to find that her assertions are sufficient to allege that hers is a Reviewable Mortgage Loan, as noted above, the court did not bar Option One, its successors or assignees from foreclosing on properties subject to Reviewable Mortgages Loans, rather it set forth specific procedures and obligations which must be followed prior to foreclosure. Rhodes does not allege in her proposed claim that Defendants failed to follow the specified procedures. For these reasons, Plaintiff has failed to state a viable claim that Defendants violated the *H&R Block* Injunction.

As to Plaintiff's allegation that the U.S. Bank failed to register with the Commonwealth or to be licensed by NMLS, Defendants assert that the proposed claim fails because there is no such legal requirement. I agree. The statutory scheme cited by Rhodes in support of this claim, Mass.Gen.L. ch. 255E §§2,3[7], by its terms does not appear to apply to U.S. Bank. Therefore,

---

[6] Rhodes's asserts that hers is a Reviewable Mortgage Loan because its meets the four characteristics set forth in *H&R Block* for defining those mortgage loans covered by the Injunction. However, the four characteristics listed by Rhodes are not the characteristics which define a Reviewable Mortgage Loan under *H&R Block*. Instead, the four characteristics which she lists, and purports to satisfy, mirror the characteristics of a "Reviewable Mortgage Loan" for purposes of the court's *preliminary* injunction order. *See Commonwealth v. Fremont Inv. & Loan,* 2008 Lexis 46, *34 (Mass.Sup. Feb. 25, 2008); *H&R Block*, 2008 LEXIS 427, at *4.

[7] Rhodes has not cited to Mass.Gen.L. ch. 255F, which was enacted in 2009 and governs mortgage broker or lender license requirements. Therefore, the Court need not address whether this statute applies in this case.

11

Rhodes has failed to state a viable claim challenging the authority of U.S Bank to foreclose on her property. [8]

*Whether the Proposed Amended Complaint States A Viable Claim For Negligent and Intentional Infliction of Emotional Distress*

Rhodes has asserted a claim for negligent infliction of emotional distress as the result of the Defendants alleged actions in attempting to force her out of her residence, including allegedly severing her water pipes, changing the locks to her home and appearing at her home in the early morning hours. Defendants contend that Rhodes's proposed amended complaint fails to assert the essential elements of a claim for negligent infliction of emotional distress, or intentional infliction of emotional distress (assuming such a claim is even asserted— my reading of the proposed claims is that Rhodes is only asserting a claim for negligent infliction of emotional distress). Moreover, Defendants argue that the claim for negligent infliction of emotional distress fails because there is no duty owed to Rhodes by the Defendants.

Defendants are correct that a lender does not a general duty of care to a borrower and therefore, under the general rule, neither of these Defendants can be held liable to Rhodes for

---

[8] Rhodes argues in her reply brief that U.S. Bank lacks standing to foreclose on her property because no assignment of the mortgage from Option One to U.S. Bank was ever filed in the Registry of Deeds. This is a curious argument given that in the opening paragraphs of her proposed amended complaint, Rhodes avers that there is an assignment from Option One's successor (Sand Canyon) to U.S. Bank filed in the Registry of Deeds. However, there is a more fundamental problem with Rhodes's argument. Although Rhodes's proposed amended complaint makes a passing reference to U.S. Bank's lack of standing to foreclose, she alleges the lack of standing is due to U.S. Bank's failure to register in the Commonwealth and/or be licensed by NMLS. Nowhere in her proposed amended complaint does she allege that U.S Bank lacks standing because of an invalid assignment. Put another way, none of Rhodes's claims challenge the validity of the assignment of the mortgage to U.S. Bank. Furthermore, even if she did allege such a claim, Rhodes would have to establish, in the first instance, that she has standing to challenge the assignment. *See Woods v. Wells Fargo Bank, N.A.,* 733 F.3d 349, 354 (1st Cir. 2013)(claims that merely assert procedural infirmities in assignment of a mortgage, such as a failure to abide by terms of a governing trust agreement, are barred for lack of standing, while standing exists for challenges that contend that assigning party never possessed legal title and, as result, no valid transferable interest ever exchanged hands). Rhodes also argues that the foreclosure should not proceed because she has not been provided proof that Ocwen posses her original note and because the Defendants have not provided her with validation of her debt. These additional arguments do not relate to any allegation in her proposed amended complaint. Frankly, the Court is at a loss to figure out what these arguments have to do with any issue presently pending before it and therefore, will not address them any further.

negligent infliction of emotional distress. *See MacKenzie v. Flagstar Bank, FSB*, 738 F.3d 486, 495 (1st Cir. 2013)(dismissing negligence claim); *Corcoran v. Saxon Mortg. Services, Inc.*, Civ. Act. No. 09-11468-NMG, 2010 WL 2106170 (D.Mass. May 24, 2010)(dismissing claim for negligent infliction of emotional distress). It is not clear to me that the general rule would apply in the context of this case where the allegations are that the lender/loan servicer has physically and emotionally harassed the borrower. However, the Court need not address this issue because Rhodes has not attempted to refute Defendants assertions that she has failed to assert viable claims for negligent or intentional infliction of emotional distress. Therefore, her motion to amend her complaint to assert such claims is denied.

*Rhodes's Claims For Punitive Damages, Attorney's Fees and Damages*

Rhodes's proposed amended complaint asserts claims for punitive damages, attorney's fees and damages. I agree with Defendants that such claims are not independent causes of action. Therefore, Rhodes's motion to amend her complaint to add such claims is denied.

*The Motion To Amend is Denied*

For the reasons set forth above, I find that Rhodes's proposed amended complaint fails to state viable claims against the Defendants. For that reason, her motion to amend is denied on grounds of futility. As to Rhodes's claims for violation of the FDCPA, Chapter 93A and U.S. Bank's alleged failure to register or be properly licensed, the denial is *with prejudice*, as she was alerted to the deficiencies in these claims by Defendants' motion to dismiss and made no attempt to remedy such deficiencies in her proposed amended complaint. Otherwise, the denial of the motion to amend the complaint is without prejudice.[9]

---

[9] I want to make clear that the dismissal *without prejudice* includes Rhodes's claim that Defendants are in violation of *H&R Block*. Rhodes can seek to further amend her complaint or to file an action in state court if she is able to establish that she has a viable claim that Defendants are in violation of *H&R Block*. Moreover, to forestall that possibility, Defendants may be wise to review the loan documentation and *H&R Block* to satisfy themselves

**Conclusion**

It is hereby ordered that:

(1) Defendants' Motion To Dismiss Plaintiff's Complaint (Docket No. 15) is ***allowed***;

(2)  the Motion To Correct Error In Name Of Defendants (Docket No. 25) is ***allowed***; and

(3) the Motion To Amend Complaint (Docket No. 27)) is  ***denied***, as provided herein.


                                      */s/ **Timothy S. Hillman***
                                      TIMOTHY S. HILLMAN
                                      DISTRICT JUDGE

---

that Rhodes's loan does not fall within the orders' parameters or, if it does, that they have satisfied all of their obligations thereunder.